FILED
United States Court of Appeals
Tenth Circuit

March 27, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DANIEL P. STARR,

       Plaintiff-Appellant

v.

OFFICER DOWNS,

       Defendant-Appellee.

No. 07-5161

(D.C. No. 01-CV-279-TCK-FHM)
(N.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, MURPHY,** and **HARTZ**, Circuit Judges.

Daniel Starr, a state inmate appearing pro se, seeks review of the district court's

dismissal of his discrimination claim brought pursuant to 42 U.S.C. § 1983.  This court

exercises jurisdiction pursuant to 28 U.S.C. § 1291 and we AFFIRM.

The underlying facts of this case are described in a prior opinion from this court,

and only a brief description of them will be provided here.  *See Starr v. Downs*, 117 Fed.

Appx. 64, 66-67 (10th Cir. 2004).  Mr. Starr, an African-American living in Tulsa,

Oklahoma, visited a friend's basement in a building allegedly used for drug trafficking in

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

search of a place to stay for the night. After receiving permission to stay the night, he got in his car and left his friend's home in order to buy groceries. Shortly after driving away, Mr. Starr noticed that he was being followed by a police car. He pulled his car over to the side of the road. Officer Jeffrey Downs approached Mr. Starr and asked whether Mr. Starr had any drugs in the car. Officer Downs then ordered Mr. Starr out of the car, handcuffed him, and placed him in the front seat of the police vehicle. A second police officer then arrived and conducted a search of Mr. Starr's automobile. After learning Mr. Starr's identity, Officer Downs arrested him on an outstanding warrant for first degree rape, rape by instrumentation, and robbery.

The State of Oklahoma ultimately convicted Mr. Starr on the rape charges. He then filed this lawsuit against Officer Downs and the State of Oklahoma in federal court, alleging that Officer Downs based his decision to enforce the law on Mr. Starr's race in violation of the Equal Protection Clause of the Fourteenth Amendment, and that the search of his car violated his Fourth Amendment rights. He later sought to amend his complaint to incorporate claims against both the police officer who conducted the search of his car and the City of Tulsa.

In our prior opinion in this case, we affirmed the district court's grant of summary judgment in favor of defendants on Mr. Starr's Fourth Amendment claim. We reversed the grant of summary judgment in favor of defendants on Mr. Starr's equal protection claim because this claim "was not challenged in Officer Downs' summary-judgment motion, and not addressed in the magistrate judge's report and recommendation adopted

by the district court." *Starr*, 117 Fed. Appx. at 70. In remanding the equal protection claim for further proceedings, we stated that Mr. Starr "had no notice that his equal-protection claim was subject to summary judgment and therefore had no opportunity to support his accusations of discriminatory enforcement." *Id*. We also affirmed the district court's denial of Mr. Starr's motion to join the police officer who conducted the search of his vehicle, as he only sought to include her in the Fourth Amendment claim. In addition, we stated that on remand "the district court should determine whether Plaintiff should be allowed to pursue a motion to amend and add the city of Tulsa in connection with his equal-protection claim." *Id*. at 71.

On remand, the district court granted Officer Downs' motion for summary judgment on the equal-protection claim and denied Mr. Starr's motion for leave to amend his complaint in order to add the City of Tulsa as a defendant. The district court concluded that Mr. Starr's "bald assertion that he was the subject of racial profiling is meritless." ROA, Doc. 123 at 8. The court found that "Plaintiff has offered no evidence that Officer Downs does not stop non-African Americans under similar circumstances. Instead, Plaintiff makes only conclusory statements of personal opinion that he was stopped because of his race." *Id*. The district court then denied Mr. Starr's request to join the City of Tulsa as a defendant because "[a]ny liability on the part of the City of Tulsa would be dependant on a finding that the Plaintiff's equal protection rights were violated by Defendant Downs," making the assertion of a claim against the City futile in light of the district court's disposition of the motion for summary judgment. *See id*. at 11.

3

"We review the grant of a summary judgment motion de novo, applying the same standards as the district court." *Proctor v. United Parcel Serv.*, 502 F.3d 1200, 1205-06 (10th Cir. 2007). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). "In ruling on summary judgment, the court must resolve all ambiguities and draw all factual inferences in favor of the non-moving party." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1287 (10th Cir. 2005). We construe the filings of a pro se plaintiff liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

"[C]laims asserting selective enforcement of a law on the basis of race are properly brought under the Equal Protection Clause, and . . . the right to equal protection may be violated even if the actions of the police are acceptable under the Fourth Amendment." *Marshall v. Columbia Lea Regional Hosp.*, 345 F.3d 1157, 1166 (10th Cir. 2003). A plaintiff alleging racial profiling in violation of the Equal Protection Clause must establish both a discriminatory effect and that the action was motivated by a discriminatory purpose. *See United States v. Armstrong*, 517 U.S. 456, 465 (1996). A plaintiff need not prove that the racially motivated purpose was the sole consideration, but merely that the discriminatory purpose was a motivating factor. *Villanueva v. Carere*, 85 F.3d 481, 485 (10th Cir. 1996). "[A]n invidious discriminatory purpose may often be inferred from the totality of the relevant facts." *Washington v. Davis*, 426 U.S. 229, 242 (1976). Once a plaintiff makes a prima facie showing of discriminatory purpose and

4

effect, the burden shifts to the officer to show that the same enforcement decision would have been made if race had not been considered. *United States v. Bell*, 86 F.3d 820, 823 (8th Cir. 1996).

Mr. Starr failed to meet his burden in showing Officer Downs' actions were motivated by a discriminatory purpose. "In general, the absence of an overtly discriminatory policy or of direct evidence of police motivation results in most claims [for selective enforcement] being based on statistical comparisons between the number of black or other minority Americans stopped or arrested and their percentage in some measure of the relevant population." *Marshall*, 345 F.3d at 1168. Mr. Starr concedes he has no direct evidence of Officer Downs' discriminatory purpose. *See* Reply Br. at 2, 4-5. He instead claims an inference may be drawn of such a purpose from the evidence before the court, which is limited to a description of the events leading up to the arrest. However, Mr. Starr's mere recitation of those facts do not give rise to an inference of discriminatory purpose. Officer Downs followed Mr. Starr's automobile because he had just left a building believed to be involved in drug trafficking. A reasonable jury could not infer from these facts that Officer Downs followed Mr. Starr solely because he is an African-American. To conclude otherwise would permit an inference of discriminatory motivation regardless of other law enforcement reasons for the action. Some further circumstantial evidence is required other than the fact that Mr. Starr was an African-American who was followed by Officer Downs. *See United States v. James*, 257 F.3d 1173, 1179 (10th Cir. 2001) (noting that one who claims selective enforcement "must . . .

5

make a credible showing that a similarly-situated individual of another race could have been, but was not, [stopped or] arrested . . . for the offense for which the defendant was [stopped or] arrested.").  As no such evidence has been presented here, Mr. Starr's claim under the Equal Protection Clause must fail.

Mr. Starr also appears to make a general claim that the district court failed to provide him with an adequate opportunity to conduct discovery, thus preventing him from meeting his evidentiary burden.  Mr. Starr does not indicate precisely what further discovery he wanted and he never specifically requested additional time to conduct discovery before responding to the summary judgment motion.  The district court provided Mr. Starr ample opportunity to conduct discovery before it considered the summary judgment motion and did not, therefore, abuse its discretion.  *See DiCesare v. Stuart,* 12 F.3d 973, 979 (10th Cir. 1993).

As Mr. Starr's claim against Officer Downs under the Equal Protection Clause fails, his claim against the City of Tulsa also fails.  *See Trigalet v. City of Tulsa, Oklahoma,* 239 F.3d 1150, 1151 (10th Cir. 2001).  Accordingly, the district court correctly refused to allow Mr. Starr to join the City of Tulsa as a defendant.

AFFIRMED.

Entered for the Court,

Mary Beck Briscoe
Circuit Judge

6